UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-289 (SRN/JSM) |
| Plaintiff, | |
| v. | ORDER |
| Eleuterio Izazaga-Pascacio (4), | |
| Defendant. | |

Allen A. Slaughter, Jr., Office of the United States Attorney, 316 North Robert Street, Suite 404, St. Paul, Minnesota 55101, for Plaintiff United States of America

Daniel L. Gerdts, 247 Third Avenue South, Minneapolis, Minnesota 55415, for Defendant

SUSAN RICHARD NELSON, United States District Judge

The above matter comes before the Court on the Motion for a Continuance and Exclusion of Time Under the Speedy Trial Act [Doc. No. 359]. On January 19, 2016, counsel for the Government and counsel for Defendant Eleuterio Izazaga-Pascacio appeared at a hearing before the Court. Izazaga-Pascacio was present and was provided the opportunity to consult with his counsel during a break in the proceedings. At the hearing, the Court ruled from the bench and granted Defendant's motion. This Order memorializes that ruling. For the reasons stated on the record at the hearing, and as set forth in the Court's findings below, the Motion for a Continuance and Exclusion of Time Under the Speedy Trial Act [Doc. No. 359] is granted.

**I.     BACKGROUND**

A Superseding Indictment was filed in this case on September 23, 2014, charging Defendant and eleven others with drug conspiracy, several counts of money laundering, and numerous individual drug distribution and possession counts.  (Superseding Indictment [Doc. No. 1].)  On October 3, 2014, the Government moved [Doc. No. 56] to designate this case as complex under the Speedy Trial Act.  As the Government noted in that motion, Defendants' charges resulted from an investigation, beginning in 2011, of an extensive alleged drug scheme from Minnesota to California that spanned several years.  (Id. at 1-2.)  On November 10, 2014, the Court granted the Government's motion [Doc. No. 78], designating the case as complex.

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, attorney Daniel Gerdts was initially appointed to represent Defendant.  (CJA 20 Appointment [Doc. No. 98].)  Subsequently, Izazaga-Pascacio retained two separate attorneys to represent him, each of whom was permitted to withdraw for different reasons.  On September 24, 2015, Defendant requested new counsel and the Court determined that he qualified for the appointment of counsel [Doc. No. 331].  Attorney Gerdts was reappointed as Defendant's counsel on October 1, 2015 [Doc. No. 333].

On October 21, 2015, the Government filed a Second Superseding Indictment [Doc. No. 336] and the Court set a trial date of January 19, 2016 [Doc. No. 342].  On December 30, 2015, Defendant's counsel filed the instant motion [Doc. No. 359], seeking a continuance of the trial date in order to adequately prepare and an exclusion of time

under the Speedy Trial Act.  Counsel seeks an continuance until May 16, 2016.

While the Government does not oppose the instant motion (id. at 1), Defendant opposes his counsel's request.  At the hearing, Defendant explained that his continued pretrial detention has caused his family significant financial hardship and he wishes to proceed to trial on an earlier date.  However, Izazaga-Pascacio also acknowledged that his attorney requires additional time in which to prepare for trial.

## II.   DISCUSSION

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, requires that a defendant be tried within seventy days after being charged or initially appearing, unless the running of time is stopped for reasons set forth under the statute.  United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (citing United States v. Lucas, 499 F.3d 769, 782 (8th Cir. 2007) (en banc)); 18 U.S.C. § 3161(c).  Pursuant to the statute, time may be excluded from the speedy trial calculation for

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C.A. § 3161(h)(7)(A).  A defendant's opposition to his attorney's request for a continuance does not prevent a court from granting a continuance based on the court's findings that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (citing

3

United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009)).

      Here, as noted on the record, the Court finds that the ends of justice in granting a continuance and exclusion of time under the Speedy Trial Act outweigh the best interest of the public and Defendant in a speedy trial. In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). While the Court appreciates the stresses and difficulties borne by Defendant's family, Defendant requires prepared, effective representation at trial. This is a complex case, involving a high volume of written discovery as well as thousands of computer files containing audio and videotaped evidence. The Government applied for five separate Title III wiretaps of multiple organization targets in this case and amassed hundreds of hours of video surveillance. (See Def.'s Mot. at 2 [Doc. No. 359].) The geographic and temporal span of this case is also vast, as the Government's disclosures reveal an investigation beginning in 2011 of a drug conspiracy and money laundering operation that covered territory including Minnesota, California, Florida, and Mexico. (Id.) Defense counsel was reappointed only fairly recently and needs sufficient time in which to review this voluminous information and adequately prepare to represent Izazaga-Pascacio. At the hearing, Izazaga-Pascacio conceded that his counsel requires additional time, through no fault of counsel. Defendant stated that even he and his family need to provide Gerdts with some additional documents. Based on these facts, the Court finds that due to the complexity of this case, it is unreasonable to expect adequate preparation for trial within the normal time limits of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Attorney Gerdts requests only a modest continuance until May 16, 2016 and the exclusion of intervening time from this Court's ruling through the commencement of trial on May 16, 2016.  In addition, Gerdts is preparing for several other major trials at this time, including a large gang-related gun- and drug-conspiracy case and a first degree murder case.

Again, the Court understands Defendant's desire to relieve his family's economic hardship, but given the complexities of this case and the potential risk to Defendant, his counsel's ability to effectively prepare for trial is imperative.  Accordingly, for all of these reasons, the motion for a continuance of trial and exclusion of time under the Speedy Trial Act is granted.

IT IS HEREBY ORDERED that:

1. Pursuant to 18 U.S.C. § 3161(h)(7)(A), Defendant's Motion for a Continuance and Exclusion of Time Under the Speedy Trial Act [Doc. No. 359] is **GRANTED**; and

2. The intervening time from this Court's January 19, 2016 bench ruling on Defendant's Motion through the commencement of trial on May 16, 2016, shall be excluded under the Speedy Trial Act, consistent with this Order.

Dated: January 22, 2016

                                                     s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge