UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 14-289 (SRN/JSM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ELEUTERIO IZAZAGA-PASCACIO (4), | |
| Defendant. | |

JANIE S. MAYERON, United States Magistrate Judge

The above matter came before the undersigned United States Magistrate Judge upon Defendant Izazaga-Pascacio's Pro Se Motion to Vacate and Dismiss Superseding Indictments for Violating Speedy Trial Act [Docket No. 343] and Defendant Izazaga-Pascacio's Pro Se Motion to Challenge Grand Jury Indictment Under Rule 6 and Motion for Bill of Particulars Under Rule 7 [Docket No. 344].

Allen A. Slaughter, Assistant United States Attorney, appeared on behalf of the Government.  Daniel L. Gerdts, Esq., appeared on behalf of defendant, who was personally present.

The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

**I.    PRO SE MOTION TO DISMISS SUPERSEDING INDICTMENTS FOR SPEEDY TRIAL ACT VIOLATIONS**

**A.    Background**

Defendant has moved the Court for an Order dismissing with prejudice all superseding indictments against him on the grounds that his rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), were violated on January 6, 2015 and June 12, 2015.

On September 23, 2014, the United States filed a superseding indictment against all defendants in this case. [Docket No. 15]. On October 3, 2014, the Government moved to designate the instant case as complex under the Speedy Trial Act, and to extend the trial date by 90 days. See Docket No. 56 (Government's Motion to Designate Case as Complex Under the Speedy Trial Act). On October 14, 2014, this Court granted the motion and excluded the time between October 21, 2014, and December 23, 2014, from computation under the Speedy Trial Act. See Docket No. 78 (October 14, 2014 Order). Defendant did not object to this Order at any time.

On December 19, 2014, defendant's counsel, Daniel Gerdts, along with counsel for the other defendants, filed a joint motion to continue the trial date and to exclude time under the Speedy Trial Act. See Docket No. 108 (Joint Motion for Continuance of the Trial and Motion Hearing Dates). After noting that the Government had previously sought an order designating the case as complex under the Speedy Trial Act, "continuing the current deadlines for disclosure, and for filing and hearing motions and trial," and giving it a two-month extension of the time to make disclosures under Rule 16, defendants stated in support of their motion:

> Notwithstanding the Government's observation that "it would be unreasonable to expect defendants to adequately prepare within the short time limits established by the Speedy Trial Act," the Order designating the case as complex did not also set appropriately extended dates for filing and hearing motions, and for the trial itself, to accommodate the interests identified by 18 U.S.C. § 3161(h)(7)(B)(ii). This Motion seeks to rectify that oversight.
>
> The current date for filing pretrial motions is next Tuesday, 23 December 2014. Pursuant to the Court's Order, however, the Government made its pretrial disclosures in this matter

just over a week ago. Those disclosures were extraordinarily voluminous, including many thousands of pages of documents, and thousands of computer files containing audio- and video-taped evidence, and literally "several terabytes" of data. The disclosures reveal an extended investigation lasting several years into a complex and extensive drug distribution operation from Minnesota to California, including applications for and use of five separate Title III electronic surveillance interceptions of multiple organization targets. As the Government already has noted in its original motion, the current schedule provides defendants with an "incredibly limited opportunity to conduct a meaningful review" of those materials for the purpose of filing motions and preparing for trial.

For all the foregoing reasons, Defendants now jointly seek an extension of approximately 60 days to review the disclosures and file pretrial motions, until no sooner than 24 February 2015. The current trial date is set for 9 March 2015, and since all counsel have reserved that week for a trial, it might well be the best week for a new motions hearing if it also works with the Magistrate Judge's calendar. It is anticipated that a new date for trial would best be taken under advisement until the date of the Motions Hearing when both the Parties and the Court have a better understanding of the complexities of the case, and know the number of Defendants still seeking to exercise their right to a trial.

This Motion also seeks an Order excluding the intervening time from the Speedy Trial Act computations in this case. The time between 21 October 2014 and 23 December 2014 already has been excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) based on the Court's express designation of the matter as complex and its finding that the ends of justice served by granting the continued dates outweighed the best interest of the public and the defendants in a speedy trial. Order of 14 October 2014 [Docket No. 78].

Defendants here specifically request that the Court exclude the time from the current motions filing deadline of 23 December 2014 until the new motions hearing date in mid-March 2015 from the Speedy Trial Act computations. It is agreed that the ends of justice served by granting the continued dates now requested outweigh the best interest of the public and the defendants in a speedy trial, particularly because of the reasons set forth in 18 U.S.C. §

3

> 3161(h)(7)(B)(ii) that the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, the existence of novel questions of fact or law, and the very voluminous governmental disclosures, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

Joint Motion for Continuance of the Trial and Motion Hearing Dates, pp. 1-4.

This Court granted the motion on January 6, 2015, and excluded the period between December 23, 2014 and February 23, 2015 from Speedy Trial Act computations. See Docket No. 117 (January 6, 2015 Order). The Court concluded that "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendants in a speedy trial." Id., ¶ 9. This finding was based on the Government's motion to designate this case as complex under the Speedy Trial Act, which the Court had previously granted. Id. Defendant did not file any objections or appeal this Order to the District Judge.

Gerdts subsequently withdrew from this case, and on February 2, 2015, Ryan Pacyga, entered his appearance on behalf of defendant. See Docket No. 124 (Notice of Appearance of Counsel).

On May 29, 2015, Pacyga filed a motion to exclude time under the Speedy Trial Act until October 13, 2015. See Docket No. 276 (Motion to Exclude Time Under the Speedy Trial Act). In support of the motion, defendant submitted a statement of facts indicating that he and his counsel needed "additional time to review the voluminous discovery in this case." See Docket No. 279 (Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act). Defendant also stated: "I have discussed this matter with my attorney. I voluntarily make this request, with full knowledge of my

rights under the Speedy Trial Act." Id.  The submission was signed by defendant in the presence of a witness.  Id.

On June 12, 2015, the District Court granted defendant's motion for a continuance and excluded the period from June 12, 2015 to October 13, 2015, from computation under the Speedy Trial Act.  See Docket No. 238 (Order and Trial Notice) p. 3.  The District Court noted that defendant needed additional time to review the voluminous discovery in this case, and the Government did not oppose the request for a continuance.  Id., pp. 2-3.  Accordingly, the District Court found that "the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial under 18 U.S.C. § 3161(h)(7)(A)."  Id., p. 3.

On September 17, 2015, defendant filed another motion for continuance of the trial date and to exclude time under the Speedy Trial Act until January 4, 2016.  See Docket No. 318 (Motion for Continuance of the Trial).  The District Court held a hearing on September 18, 2015, at which time defendant's motion was taken under advisement.  See Docket No. 326 (September 18, 2015 Minute Entry for Proceedings Held before Hon. Susan Richard Nelson).  Following the hearing, defendant submitted a statement of facts in support of his motion to exclude time.  See Docket No. 332 (Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act).  In that statement, defendant indicated that he had previously entered into a plea agreement and then had decided not do so, and his attorney had been diagnosed with a traumatic brain injury after a motor vehicle accident on May 28, 2015.  Id.  The statement of facts was signed by defendant in the presence of a witness.  Id.

On September 24, 2015, defendant appeared before the District Court and requested to discharge his attorney. See Docket No. 331 (September 24, 2015 Minute Entry for Proceedings Held before Hon. Susan Richard Nelson). The District Court granted defendant's request on October 1, 2015, and appointed Daniel Gerdts as counsel for defendant. See Docket No. 333 (Order for Appointment of Counsel).

On October 21, 2015, a second superseding indictment was filed against defendant, Imer Penaloza-Pineda, and Magedaleno Perez-Arenas. [Docket No. 336].

On November 6, 2015, defendant filed the instant motion to vacate and dismiss the superseding indictments against him for violation of his Speedy Trial Act rights with respect to the Orders issued on January 6, 2015 and June 12, 2015. In support of his motion, defendant argued that "the record regarding the reasons for the continuance consisted of 'short conclusory statements lacking in detail.'" Defendant Izazaga-Pascacio's Pro Se Motion to Vacate and Dismiss Superseding Indictments for Violating Speedy Trial Act, p. 3. Defendant also contended that the District Court failed to make an "appropriate inquiry to determine how long a delay is actually required, what adjustments can be made with respect to the trial calendars or other plans of counsel, and whether granting the requested continuance would 'outweigh the best interest of the public and the defendant in a speedy trial.'" Id., pp. 6-7 (citing United States v. Lloyd, 125 F.3d 1263 (9th Cir. 1997)). Defendant additionally maintained that the District Court did not determine whether the movant exercised due diligence, and therefore, there was no way the Court "'could have determined whether denial of a continuance would have deprived the defendant of reasonable time necessary for effective preparation,' let alone whether the purported reasons for granting the

6

continence outweighed the best interest of the public and the defendant in a speedy trial." Id., p. 7.

In response, the Government noted that pursuant to the requests of almost all parties, the instant case was deemed complex, and the trial date was moved to accommodate this fact. Government's Pre-Hearing Response to Defendant's Suppression and Pro Se Motions, p. 16 [Docket No. 348]. Further, defendant himself moved to continue this matter on more than one occasion. Id. Additionally, defendant's motion lacked merit because, until recently, he was in active plea negotiations with the Government. Id. Lastly, the Government submitted that in May, 2015, all parties were informed of the possibility that a second superseding indictment would be filed by the Grand Jury. Id., pp. 16-17.

While the instant motion was pending, on December 30, 2015, defendant, through counsel, moved again to continue the trial date and to exclude time under the Speedy Trial Act. See Docket No. 359 (Motion for a Continuance of the Trial Date, and for Exclusion of Time Under the Speedy Trial Act). In that motion, defendant noted that his attorney, Daniel Gerdts, had only recently been reappointed on October 1, 2015, and the Government had filed a second superseding indictment twenty days later. Id., p. 2. Additionally, defendant indicated that the Government's discovery disclosures had been "extraordinarily voluminous," and that counsel was presently preparing for several other criminal trials. Id.

On January 19, 2016, the District Court held a pretrial conference at which defendant was present. Defendant's motion for continuance was discussed and

7

granted. See Docket No. 365 (January 19, 2016 Minute Entry for Proceedings Held before Hon. Susan Richard Nelson).

On January 22, 2016, the District Court issued an Order memorializing its ruling on January 19, 2016. [Docket No. 366]. The court noted that defendant was present at the hearing, and had objected to his lawyer's request because "his continued pretrial detention has caused his family significant financial hardship and he wishes to proceed to trial on an earlier date." Id., p. 3. The court also indicated that defendant had acknowledged that his attorney required additional time in which to prepare for trial. Id. The court found that the ends of justice in granting a continuance outweighed the best interests of the public and defendant in a speedy trial. Id., p. 4. In making this finding, the court noted the considerable volume of written discovery in this case, defense counsel's recent reappointment and large caseload, and the complex nature of this case. Id. Accordingly, the District Court excluded the time from January 19, 2015 until May 16, 2016 from computation under the Speedy Trial Act. Id., p. 5.

**B.   Analysis**

The Court has no doubt that the two challenged Orders meet the requirements for excluding time under the Speedy Trial Act, particularly where defendant clearly consented to the motion that led to the June 12, 2015 Order, (Docket No. 279), consented again to a later motion for continuance, (Docket No. 332), and with respect to the most recent motion for continuance, defendant had a full opportunity to be heard and place his objections on the record. However, this Court is not the proper forum for defendant's challenge to the January 6 and June 12, 2015 Orders. If defendant believed that this Court's January 6, 2015 Order was erroneous, he should have

8

appealed that decision to the District Court. L.R. 72.2(a). Similarly, if defendant had objections to the June 12, 2015 Order of the District Court, the proper procedure was to request permission to file a motion to reconsider, (L.R. 7.1(j)), or to appeal the decision to the Eighth Circuit Court of Appeals. Defendant did neither. Therefore, the Court recommends that defendant's motion be denied.

## II.     MOTION FOR BILL OF PARTICULARS

### A.     Background

Defendant has sought to challenge the grand jury indictments issued against him pursuant to Rule 6(b) of the Federal Rules of Criminal Procedure. Defendant has also moved the Court for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). For relief, defendant requested that the Court dismiss the indictments with prejudice.

In support of his motion, defendant alleged that there was not a 1,000 person master jury wheel pull, 16 to 23 members of the grand jury were not legally qualified, and at least 12 qualified jurors did not concur on the indictment and superseding indictments. Defendant Izazaga-Pascacio Pro Se Motion to Challenge Grand Jury Indictment Under Rule 6 and Motion for Bill of Particular Under Rule 7 ("Def.'s Mot."), pp. 1-2 [Docket No. 344]. In addition, defendant contended that there was no "proof of link" between United States v. Miranda-Ortiz, Case No. 14-CR-388 (RHK/JSM), and the instant case, nor was there any "motion for related cases" brought by AUSA Allen Slaughter, Jr. Id., p. 2. According to defendant, the AUSA was "trying to get Defendant Miranda-Ortiz [to] commit perjury freely knowing that the only party that could punish this crime—the public prosecutor—is on the same team . . . ." Id. (citations omitted). Defendant also maintained that "[t]he 'Bill of Particulars' under Rule 7(f), will prove that

the jurors were not legally qualified under Rule 6, and Defendant Izazaga-Pascacio . . . was not brought before the Grand Jury and his 'due process rights were violated under the 5th and 6th Amendments of the United State Constitution.'" Id., p. 3 (citations omitted).

In response, the Government alleged that defendant, through former counsel, previously moved the Court to obtain grand jury materials, and the Court ruled on those motions accordingly. Government's Pre-Hearing Response to Defendant's Suppression and Pro Se Motions, p. 17 [Docket No. 348]. Therefore, defendant should not be allowed to re-address the issue. Id. The Government further submitted that defendant's challenge to the grand jury indictment ran contrary to Fed. R. Crim. P. 6. Id. Finally, the Government contended that defendant had failed to make the requisite showing to obtain a bill of particulars. Id.

### B. Analysis

#### 1. Challenge to Grand Jury

Under Rule 6 of the Federal Rules of Criminal Procedure, "[a] grand jury must have 16 to 23 members, and the court must order that enough legally qualified persons be summoned to meet this requirement." Fed. R. Crim. P. 6(a)(1). "Either the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." Fed. R. Crim. P. 6(b)(1).

> A party may move to dismiss the indictment based on an objection to the grand jury or on an individual juror's lack of legal qualification, unless the court has previously ruled on the same objection under Rule 6(b)(1). The motion to dismiss is governed by 28 U.S.C. § 1867(e). The court must not dismiss the indictment on the ground that a grand juror

> was not legally qualified if the record shows that at least 12 qualified jurors concurred in the indictment.

Fed. R. Crim. P. 6(b)(2).

"The proceedings of a grand jury are afforded a strong presumption of regularity, and a defendant faces a heavy burden to overcome that presumption when seeking dismissal of an indictment." United States v. Exson, 328 F.3d 456, 459 (8th Cir. 2003) (citation omitted); see also United States v. R. Enterprises, Inc., 498 U.S. 292, 300-01 (1991) ("[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority.") (citations omitted). "Mere '[s]peculation and surmise as to what occurred before the grand jury are not sufficient to overcome this presumption' of regularity." United States v. Scott, 624 F. Supp. 2d 279, 291 (S.D.N.Y. 2008) (citation omitted).

Here, defendant has failed to submit any evidence showing that the grand jury was impermissibly drawn or selected. Defendant has provided no factual support for his belief that "16 to 23 members [of the grand jury] were not legally qualified." Defendant's allegations regarding the master jury wheel pull, the number of jurors who concurred on the indictment, and the conduct of the Assistant United States Attorney, are similarly baseless, as there is no factual support for these claims. Accordingly, the Court recommends that defendant's motion to challenge the grand jury be denied.

### 2. Motion for Bill of Particulars

Indictments and bills of particulars are governed by Rule 7 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 7(c) provides in relevant part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or

>conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.  For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(f), which gives courts the power to direct the filing of a bill of particulars, provides in relevant part:

>The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

In Hamling v. United States, 418 U.S. 87 (1973), the Supreme Court held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Id. at 117 (citations omitted); United States v. Miller, 774 F.2d 883, 884-85 (8th Cir. 1985) (same) (citation omitted).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'"  Id. (citations omitted); see also United States v. Gilkerson, 556 F.3d 854, 856 (8th Cir. 2009) ("To be sufficient, the information must contain the elements of the offense and inform the defendant of the charges against him, as well as 'enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'") (citation omitted).

"A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense <u>when the indictment is too vague and indefinite</u>." <u>United States v. Hernandez</u>, 299 F.3d 984, 989-90 (8th Cir. 2002) (emphasis added); <u>see also United States v. Nat'l Marketing, Inc.</u>, 306 F. Supp. 1238, 1242 (D. Minn. 1969) ("The purpose of a bill of particulars is to appraise the defendant of the nature of the charge against him with sufficient clarity to enable him to prepare for trial.") (citation omitted). "A bill of particulars, however, is not a proper tool for discovery, <u>United States v. Hester</u>, 917 F.2d 1083, 1084 (8th Cir.1990); it is not to be used to provide detailed disclosure of the government's evidence at trial." <u>United States v. Wessels</u>, 12 F.3d 746, 750 (8th Cir. 1993) (citation omitted); <u>see also United States v. Finn</u>, 919 F. Supp. 1305, 1326 (D. Minn. 1995) (footnote omitted) ("Although the allegations are not as detailed as the Defendants may prefer, that is not the test we apply. A Bill of Particulars serves an essential function in eliminating surprise, but the Bill was not designed to substitute for pretrial discovery."), <u>aff'd sub nom. United States v. Pemberton</u>, 121 F.3d 1157 (8th Cir. 1997). District courts have broad discretion in granting or denying a bill of particulars. <u>United States v. Sileven</u>, 985 F.2d 962, 966 (8th Cir. 1993) (citation omitted).

In this case, defendant has not even argued that the indictments against him are too vague or indefinite to enable him to prepare for trial. Instead, defendant stated that "[t]he 'Bill of Particulars' under Rule 7(f), will prove that the jurors were not legally qualified under Rule 6 . . . ." Def.'s Mot., p. 3. Thus, it is clear that defendant is merely

seeking a bill of particulars in the hopes of discovering evidence in support of his challenge to the grand jury. Accordingly, defendant's motion for a bill of particulars should be denied.

## III. RECOMMENDATION

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Izazaga-Pascacio's Pro Se Motion to Vacate and Dismiss Superseding Indictments for Violating Speedy Trial Act [Docket No. 343] be **DENIED**.

2. Defendant Izazaga-Pascacio's Pro Se Motion to Challenge Grand Jury Indictment Under Rule 6 and Motion for Bill of Particulars Under Rule 7 [Docket No. 344] be **DENIED**.

Dated:   February 12, 2016          *s/ Janie S. Mayeron*
                                    JANIE S. MAYERON
                                    United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 29, 2016**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.