UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-289(4) (SRN/JSM)

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| Plaintiff, | : | ORDER |
| v. | : | |
| ELEUTERIO IZAZAGA-PASCACIO, | : | |
| Petitioner | : | |

This matter is before the Court on the Government's Motion seeking an Order recognizing that Defendant Eleuterio Izazaga-Pascacio ("defendant") has waived the attorney-client privilege with respect to his communications with his trial counsel Daniel L. Gerdts, Esq., as to multiple issues relative to Mr. Gerdt's performance as counsel [Doc. No. 585]. This includes but is not limited to: the investigation and research of the case; the plea negotiation process; defendant's plea and plea hearing; defendant's appellate rights; defendant's sentence; and any post-sentencing communications between defendant and Mr. Gerdts.

Defendant on or about January 30, 2017, filed a Motion for Section 2255 relief. [Doc. No. 578]. Defendant's motion is based primarily upon multiple claims of ineffective assistance of counsel. *See, generally, id.* In deciding these issues, the Court will benefit from the facts known to former defense counsel Daniel L. Gerdts, Esq.

Consequently, it is hereby ordered that attorney Daniel L. Gerdts, Esq., is authorized and directed to provide to the Court or the Government, as applicable, in the form of an affidavit and/or testimony, information which will aid the Court's resolution

of defendant's 28 U.S.C. § 2255 claims. The affidavit and/or testimony shall be directly responsive to the allegations raised by defendant.

It is well settled that a defendant who attacks the competence of his attorney in a proceeding waives the attorney-client privilege. Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974). In Thompson v. United States, 7 F.3d 1377, 1378 (8th Cir. 1993), the court used the affidavits of former counsel to refute claims of ineffective assistance.

Defendant has waived his attorney-client privilege by challenging his former counsel's effectiveness, and defendant's position with regard to Mr. Gerdts is now adversarial. Counsel is thereby ordered to respond as directed.

Dated: April 11, 2017

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge