# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-00289 (4) (SRN/BRT) |
| Plaintiff-Respondent, | |
| v. | **ORDER** |
| ELEUTERIO IZAZAGA-PASCACIO, | |
| Defendant-Petitioner. | |

Eleuterio Izazaga-Pascasio,[1] Adams County Facility, P.O. Box 1600, Washington, MS 39190.

Allen A. Slaughter, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for the United States of America.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant-Petitioner ("Petitioner") Eleuterio Izazaga-Pascasio's pro se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence (Def.-Pet'r's § 2255 Mot. ("Pet'r's Mot.") [Doc. No. 578].) For the reasons set forth below, this Court denies Petitioner's motion.

## I.   BACKGROUND

In September 2014, the Government charged Petitioner with multiple counts of money laundering, drug possession with intent to distribute, and conspiracy to distribute controlled substances. (*See* Superseding Indict. [Doc. No. 15].) Pursuant to a plea agreement and

---
[1] The Court notes that Petitioner's name is misspelled in the case caption, and uses the correct spelling of his name in the body of this Order.

represented by counsel, Petitioner later pleaded guilty to Count 1 of an Information that charged him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (*See* Plea Agreement at ¶ 1 [Doc. No. 386]; *see also* Plea Hr'g Tr. at 11, 13, 24 [Doc. No. 591].) Based on Petitioner's guilty plea, in October 2016, this Court sentenced him to a prison term of 75 months, three years of supervised release, and a $100 special assessment. (*See* Sentencing Hr'g Tr. at 18, 20 [Doc. No. 592]); Am. J. in a Criminal Case ("Am. J.") [Doc. No. 532].)

In the present motion, Petitioner claims that he received ineffective assistance of counsel, particularly during plea negotiations and sentencing. He also appears to claim that he was unconstitutionally charged in violation of the Fifth Amendment. (Pet'r's Mot. at 2–3.) Accordingly, only facts relevant to these claims are presented here.

When the Government charged Petitioner in September 2014, this Court appointed counsel to represent him. (*See* Min. Entry for November 6, 2014 Proceedings [Doc. No. 83].) Soon thereafter, CJA counsel Daniel L. Gerdts ("Gerdts") entered an appearance on Petitioner's behalf. (Notice of Att'y Appearance [Doc. No. 85].) Gerdts served as Petitioner's court-appointed counsel from November 2014 through the beginning of January 2015, and then again from September 2015 until the end of Petitioner's criminal proceedings in October 2016.[2] (*See* Govt.'s Opp'n Mem. Attach. 1 ("Gerdts's Aff.") at ¶ 1 [Doc. No. 593-1].)

Upon his second appointment as Petitioner's counsel, Gerdts undertook repeated and lengthy plea negotiations with the Government. (*Id.* at ¶¶ 5, 7.) According to Gerdts's affidavit, these negotiations were especially difficult given the Government's evidence implicating

---

[2] In the intervening months, Petitioner retained private counsel. (Gerdts's Aff. at ¶ 1.)

Petitioner in large scale drug distribution and sales schemes. (*Id.* at ¶ 8.) The difficulty in reaching a plea agreement was further compounded by "[Petitioner's] distrust of the criminal justice system [and] general reluctance to admit to being guilty of any crime . . . ." (*Id.* at ¶ 9.)

Gerdts's affidavit sets out additional details of his representation. In total, Gerdts met with Petitioner 32 times and spent nearly 30 hours discussing all aspects of the case with him. (*Id.* at ¶ 2.) Additional communication occurred through telephone calls and letters. (*Id.*) Gerdts also traveled to California to meet with Petitioner's family and hired an investigator to assist with the case. (*Id.* at ¶ 3.) Overall, before Petitioner pleaded guilty, Gerdts spent nearly 125 hours reviewing extensive discovery material and government disclosures. (*Id.* at ¶ 4.)

Ultimately, with Gerdts's assistance, Petitioner pleaded guilty to one count of conspiracy to distribute a controlled substance. (*See* Plea Agreement at ¶1.) In exchange for the plea, the Government dismissed the 12-count Second Superseding Indictment, which contained allegations of money laundering as well as more serious drug distribution offenses. (*See id.*; Gerdts's Aff. at ¶ 5.) As part of the plea agreement, Petitioner waived his right to appeal or collaterally attack his guilty plea or sentence unless it exceeded 87 months. (Plea Agreement at ¶ 11.) The plea agreement expressly retained Petitioner's right to bring a § 2255 motion for ineffective assistance of counsel. (*Id.*) For its part, the Government waived its appeal rights unless Petitioner's sentence was lower than 70 months. (*Id.*) Gerdts asserts that he explained the plea agreement—and the benefits and drawbacks of pleas generally—to Petitioner on numerous occasions. (Gerdts's Aff. at ¶ 12.)

At the plea hearing, this Court accepted Petitioner's guilty plea and found that it was "free and voluntary and knowing and informed[.]" (Plea Hr'g Tr. at 23–24.) This Court found

3

that Petitioner was aware of the charges against him, the nature of the proceedings, and the consequences of pleading guilty. (*Id.* at 23.) Upon questioning by the Court, Petitioner stated that he had discussed the plea agreement fully with Gerdts and that it had been translated for him. (*Id.* at 12–13.) He further represented to the Court that he understood the plea's terms, including the implications of his waiver of the right to appeal. (*Id.* at 20.) Moreover, Petitioner expressed satisfaction with the services he had received from Gerdts, indicating that he was in fact "very grateful to him." (*Id.* at 5.)

Following the plea, Gerdts continued advocating for Petitioner, both in preparation for, and at the sentencing hearing. Gerdts filed multiple objections to the Presentence Investigation Report ("PSR"), *see* Gerdts's Aff. at ¶ 15, and later incorporated those objections into Petitioner's sentencing position paper. (*See* Def.'s Position Regarding Sentencing [Doc. No. 433].) Petitioner's sentencing hearing occurred in October 2016, and Gerdts addressed his objections to the PSR with this Court at that time. (Sentencing Hr'g Tr. at 3–5.) Most notably, Gerdts objected to the PSR's relevant conduct and base offense level computations—which deviated from the parties' plea agreement and would have resulted in a harsher Guidelines sentencing range—and this Court sustained his objections. (*Id.*) As previously stated, this Court sentenced Petitioner to a prison term of 75 months—within the Guidelines range contained in the plea agreement. (*See* Am. J. at 2.; Plea Agreement at ¶ 6.)

Petitioner did not file a direct appeal. But in January 2017, he filed the instant pro se motion under § 2255. Petitioner claims that Gerdts provided ineffective assistance of counsel. (Pet'r's Mot. at 2.) More specifically, Petitioner contends that Gerdts: (1) failed to negotiate a plea bargain; (2) failed to explain the risks and benefits of a plea offer; (3) failed to protect his

4

appellate rights; (4) failed to object to information on which his sentence was based; and, (5) failed to object to the sentence imposed. (*Id.*) Though unclear from his motion, so far as the Court can discern, Petitioner also appears to raise a cursory argument that he was unconstitutionally charged in violation of the Due Process Clause of the Fifth Amendment. (*Id.* at 3.)

The Government opposes Petitioner's § 2255 motion, and contends that it should be dismissed for failure to state a claim upon which relief may be granted. (Govt.'s Opp'n Mem. at 2–4 [Doc. No. 593].) In the alternative, the Government argues that Petitioner's claims that Gerdts provided ineffective assistance lack merit.[3] (*Id.* at 5–10.)

## II. DISCUSSION

### A. Standard for Relief

Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and "for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Permissible grounds for a § 2255 motion also include claims that the sentencing court lacked jurisdiction to impose a sentence, or that the sentence exceeded the maximum authorized by law or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Beyond constitutional and jurisdictional errors, however, the permissible scope of § 2255 claims is "severely limited." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc).

---

[3] The Government does not address Petitioner's Fifth Amendment claim.

For the reasons explained below, Petitioner fails to make out a viable claim for relief under § 2255, and his motion is denied.

## B. Deficient Motion

As a preliminary matter, Petitioner's motion fails to meet § 2255's pleading requirements. The Rules Governing § 2255 Proceedings for the United States District Courts ("§ 2255 Rules") require that motions "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground" for relief. *See* Rules Governing § 2255 Proceedings, Rule 2, 28 U.S.C.A. foll. § 2255. Though the Eighth Circuit Court of Appeals has not expressly ruled so, other courts have concluded that Rule 2 of the § 2255 Rules supplants the ordinary pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Johnson v. United States*, 860 F.Supp.2d 663, 715–16 (N.D. Iowa 2012). The § 2255 Rules "mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011); *see Johnson*, 860 F.Supp.2d at 716; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("[h]abeas corpus petitions must meet heightened pleading requirements, see 28 U.S.C. § 2254(c)").

Within this framework, pro se pleadings are generally held to less stringent standards than formal attorney submissions, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and are to be construed liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite this more forgiving standard, pro se motions "still must allege sufficient facts to support the claims advanced." *Id.* at 914. "While a pro se § 2255 petition might require the more liberal construction that a court would

give pro se pleadings in any other civil case," failure to allege facts with sufficient specificity—whether pro se or through counsel—may render such petition fatally flawed. *Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001) (holding that § 2255 motion submitted by counsel lacked factual specificity, rendering it insufficient to raise any issue as to whether counsel's assistance in district court was ineffective).

The instant motion presents such a case. Even under the more liberal standards afforded pro se litigants, Petitioner's motion fails to include sufficient facts to support his claims for relief. Other than the naked assertion that his attorney provided "[i]neffective assistance of counsel" and a list of five one-sentence claims alleging specific failures by Gerdts—assertions that are mostly contradicted by the record, as explained below—Petitioner provides literally no facts to support his ineffective assistance of counsel claim. Such bare assertions do not meet § 2255's fact pleading requirement.[4] And while Petitioner had the opportunity to reply to the Government's arguments regarding deficient pleading, he failed to do so. (*See* Order Setting Briefing Schedule [Doc. No. 582].)

Because Petitioner fails to submit sufficient facts in support of his motion, it must be dismissed. However, even on the merits, his claims fail, as explained below.

**C. Ineffective Assistance of Counsel Claim**

Within the context of § 2255, to establish ineffective assistance of counsel, a movant must satisfy the "heavy burden" of the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Apfel*, 97 F.3d at 1076. Under *Strickland*, "a convicted defendant must prove both that

---

[4] To the extent that Petitioner claims that he was "unconstitutionally charged," *see* Pet'r's Mot. at 3, this allegation fares no better, as his motion is devoid of any factual support or substantive arguments for this assertion. This claim is therefore dismissed.

his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). Meeting the first part of *Strickland* requires proof that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second element requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner cannot satisfy the first *Strickland* prong, as nothing in the record supports the allegation that Gerdts's performance fell below an objective standard of reasonableness. To the contrary, Gerdts's affidavit indicates—and the record shows—that his performance met, if not exceeded, any objective standard of reasonableness. During the course of Gerdts's representation, he met with Petitioner 32 times and spent nearly 30 hours directly discussing the case with him. When not speaking directly with Petitioner, Gerdts worked dutifully on the case. He hired an investigator, personally traveled to California to meet with Petitioner's family, located witnesses, and examined evidence. Before Petitioner ultimately pleaded guilty, Gerdts spent almost 125 hours reviewing discovery materials and disclosures by the Government. These facts clearly indicate competent representation, and Petitioner provides nothing to counter this conclusion.

Petitioner's allegations of specific failings by Gerdts fare no better. At the outset, the allegation that Gerdts failed to negotiate a plea bargain is plainly contradicted by the record. Gerdts negotiated the plea that ultimately resolved Petitioner's case. According to Gerdts's affidavit, this plea agreement was the result of his lengthy and repeated negotiations with the Government—negotiations that were especially difficult given the incriminating evidence the

Government had against Petitioner and Petitioner's own reluctance to plead guilty to any crime. Petitioner offers no facts to support his claim to the contrary.

Similarly, Petitioner's assertions that counsel failed to explain the risks and benefits of the plea offer and failed to protect his appellate rights do not find support in the record. In his affidavit, Gerdts asserts that during plea negotiations, he explained to Petitioner the risks and benefits of a plea offer—both generally and regarding the final negotiated deal specifically. The plea colloquy is consistent with Gerdts's affidavit. At the plea hearing, Petitioner indicated that he had discussed the plea agreement fully with Gerdts, and the Court found that Petitioner was aware of the nature of the charges against him, the consequences of pleading guilty, and that his guilty plea was voluntary, knowing, and informed. Notably, in the present motion, Petitioner does not dispute any of the Court's findings.

Petitioner's claim that Gerdts failed to protect his appellate rights is also refuted by the record. By its unambiguous terms, the plea agreement provided that Petitioner waived his appeal rights, but it also specifically preserved his right to appeal if the Court deviated from the Guidelines sentencing range and imposed a sentence greater than 87 months of imprisonment. At the plea hearing, the Court confirmed that Petitioner understood his waiver, and also explained the Government's companion waiver of the right to appeal unless Petitioner's sentence was less than 70 months. Such waivers are enforceable so long as they are knowing and voluntary, *see DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000), and, as discussed above, the Court found Petitioner to have knowingly and voluntarily waived his appellate rights.

9

Likewise, Petitioner's assertion that Gerdts failed to object to information on which his sentence was based suffers from the same flaw. In his affidavit, Gerdts explains that he objected to portions of Petitioner's PSR to try to exclude relevant conduct allegations that would have resulted in a Guidelines range greater than that contained in the plea agreement. At the sentencing hearing, this Court upheld some of Gerdts's objections and Petitioner received a sentence within the range anticipated in his plea agreement.

The last of Petitioner's allegations—that counsel failed to object to the sentence imposed—though factually accurate, still does not cast doubt on the reasonableness of Gerdts's representation. This Court's sentence of 75 months of imprisonment was at the low end of the 70 to 87 month Guidelines range that the parties had anticipated in the plea agreement. As such, it cannot be said that Gerdts "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" when he failed to object to this Court's sentence. *Strickland*, 466 U.S. at 687.

In sum, this Court concludes that the record does not support a contention that Gerdts's performance fell below an objective standard of reasonableness. Because Petitioner is unable to meet this first prong of *Strickland*, the Court need not consider the second prong—whether Gerdts's performance actually prejudiced Petitioner's case. Accordingly, Petitioner's motion is denied.

**D. Right To an Evidentiary Hearing and Certificate of Appealability**

A petitioner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A petition can be dismissed without a hearing if: "(1) the

movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Here, because Petitioner's claims are contradicted by the record, his § 2255 motion is dismissed without an evidentiary hearing.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons explained above, Petitioner has not made this showing, and the Court declines to issue a certificate of appealability.

## III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence [Doc. No. 578] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 12, 2017         s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge