**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Eleuterio Izazaga-Pascacio,<br><br>Defendant. | Case No. 14-cr-289(04) (SRN/BRT)<br><br><br>**ORDER** |

Allen A Slaughter, Jr, United States Attorney's Office, 600 U.S. Courthouse, 300 S. 4th St., Minneapolis, MN 55415, for the Government

Eleuterio Izazaga-Pascacio, C/O Maria Guadalupe Izazaga, 2149 Dante Ave., Fresno, CA 93722, Pro Se Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Eleuterio Izazaga-Pascacio's Pro Se Motion to Quash Supervised Release. (Mot. Quash Supervised Release [Doc. No. 674].) The Government filed a response in opposition to this motion. (Gov't's Opp'n [Doc. No. 676].) Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies Defendant's motion.

### I.   BACKGROUND

#### A.  Procedural and Factual Background

On April 28, 2016, Izazaga-Pascacio pleaded guilty to conspiracy to distribute controlled substances under 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Plea Agmt. [Doc. No.

1

386] at ¶¶ 1, 3.) Defendant admitted that he had voluntarily and intentionally joined a conspiracy to distribute controlled substances from at least February 2013 through September 2014, and his fingerprints were found on marijuana packaging seized from his apartment in Minneapolis. (Plea Agmt. at ¶ 2.) The Court found that Defendant's plea was freely and voluntarily given, and he was mentally capable of entering the guilty plea. (Tr. of Apr. 28, 2016 Plea Hr'g at 23.)

On October 17, 2016, this Court sentenced Defendant to a 75-month term of imprisonment, and a three-year term of supervised release. (Sentencing J. [Doc. No. 508] at 2.) On January 30, 2017, Defendant filed a pro se § 2255 habeas motion to set aside or correct his sentence, which the Court denied on September 12, 2017. (Mot. Vacate [Doc. No. 578]; J., Sept. 12, 2017 [Doc. No. 596].) Defendant's prison term ended in January 2020, and he was taken into Immigrations Customs Enforcement (ICE) custody on March 18, 2020. (Gov't's Opp'n at 4.) His term of supervised release is scheduled to continue until January 2023.[1] (*Id.*)

### B. Parties' Arguments

Defendant's one-page motion states that he is in the physical custody of ICE and will soon be voluntarily deported to Mexico. (Mot. Quash Supervised Release.) He appears to argue that his supervised release term would no longer be appropriate because of his pending deportation. He therefore requests that the Court terminate his three-year term of

---

[1] The Government states that based on correspondence with the United States Department of Probation ("Probation"), Probation was notified on January 16, 2020 that Defendant would be released the following day, and therefore his term of supervised release would run until January 16, 2023. (Gov't's Opp'n at 4.)

supervised release. (*Id.*)

In opposition, the Government argues that Izazaga-Pascacio's motion should be denied because the term of supervised release was a necessary part of his sentence. (Gov't's Opp'n at 3.) The Government notes that the Court sentenced the Defendant knowing he was a citizen of another country, therefore, the Government contends that the conditions of supervised release are reasonable and necessary should Defendant continue to reside in the United States. (*Id.*) In addition, the Government asserts that the conditions of supervised release are appropriate, given Defendant's conduct in the drug conspiracy, in which he facilitated the distribution of narcotics between California and Minnesota. (*Id.* at 3–4.) Further, the Government argues that Izazaga-Pascacio is ineligible to seek the modification of supervised release, nor is such action warranted or in the interest of justice. (*Id.* at 4–5.) Accordingly, the Government argues that Defendant's motion should be denied.

**II.    DISCUSSION**

A term of supervised release is a part of a defendant's sentence, not a post-sentence penalty. 18 U.S.C. § 3583(a). *See also United States v. Carson*, 924 F.3d 467, 470 (8th Cir.), *cert. denied*, 140 S. Ct. 405, 205 L. Ed. 2d 239 (2019) (ruling a court does not need separate findings to impose a term of supervised release as part of the defendant's sentence). If a defendant has not completed a required term of supervised release, they have not completed their sentence. *See United States v. Perrin,* 926 F.3d 1044, 1049 (8th Cir. 2019) (stating that a term of supervised release is a part of the sentence, not a post-sentence term). Modification of conditions or revocation of supervised release is permitted after the expiration of one year of supervised release, if it

3

is warranted by the defendant's conduct and the interest of justice. 18 U.S.C. § 3583 (e)(1).

Defendant is ineligible to seek modification of his conditions of release, pursuant to 18 U.S.C. § 3583 (e)(1). Again, because his term of imprisonment ended in January 2020, one year of supervised release has not elapsed. (Gov't's Opp'n at 4.) Nor has Defendant presented any evidence that a modification is warranted based on his conduct on release or the interest of justice. (*Id.*) Defendant has also not indicated that he is unfairly affected by the supervised release conditions, nor will his term of supervised release be tolled while he is outside the United States. *See United States v. Ossa- Gallegos*, 491 F.3d 537, 539 (6th Cir. 2007) (ruling Congress did not intend for a period of supervised release to be tolled when the defendant was outside the United States due to deportation).

The Court was aware of Defendant's citizenship and potential deportation when it imposed the conditions of supervised release. (*See, e.g.*, Plea Agmt. at ¶ 10; Second Superseding Indictment.) Izazaga-Pascacio's pending deportation is not a changed circumstance. The Court imposed this sentence as a result of the underlying offense conduct, which included Defendant's routine trips from his residence in Fresno, California to Minnesota to facilitate the distribution of methamphetamine and marijuana. (Plea Agmt. at ¶ 2.)

In sum, there is no basis for a modification or revocation of the Defendant's supervised release. A year of supervised release has not elapsed, and, even if a year had passed, the Court finds that Izazaga-Pascacio's circumstances do not support his request.

For all of the foregoing reasons, Defendant's Pro Se Motion to Quash Supervised Release is denied.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Quash Supervised Release [Doc. No. 647] is **DENIED**.

Dated: June 16, 2020

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
